The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones* (1997), 122 Ohio App.3d 430.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 96CA114.

Decided Aug. 8, 1997.

*Brent N. Robinson,* for appellee.

*Arthur J. Gonzales,* for appellant.

GWIN, Presiding Judge.

Defendant Larry D. Jones appeals a judgment of the Court of Common Pleas of Richland County that overruled his motion for credit for time served in the Crossroads Center for Change, amounting to one hundred ninety-three days. Appellant assigns a single error to the trial court:

"The trial court erred in denying appellant's motion for 'jail time credit' for the time he spent at Crossroads Center."

The record indicates that appellant was convicted for various theft offenses and sentenced to a term of imprisonment. The court sustained his motion for shock probation on June 6, 1995, setting forth conditions for his probation. One of the conditions was that he complete a rehabilitation program at the Crossroads Center.

On March 24, 1996, Crossroads Center terminated appellant's participation. Thereafter, the state filed a notice of probation violation, citing the termination from Crossroads Center and alleging that appellant tested positive for cocaine use. The trial court sentenced appellant to a total of two and one-half years of imprisonment. Appellant filed a motion for jail-time credit for the time he spent at Crossroads Center, and the trial court overruled the motion.

The state cites *State v. Coleman* (Feb. 24, 1993), Richland App. No. 92CA67, unreported, 1993 WL 48897, where we held that an accused is not entitled to jail-time credit for time spent in a halfway house. We cited as our authority *State v. Nagle* (1986), 23 Ohio St.3d 185, 23 OBR 348, 492 N.E.2d 158.

In *Nagle,* the Supreme Court of Ohio held in the syllabus:

"[W]hen a defendant's sentence has been suspended and he has been placed on conditional probation pursuant to R.C.2951.04 and later violates the terms of such probation, the trial court is not required to credit time spent in a rehabilitation facility against any sentence originally imposed."

In *Nagle,* the Supreme Court held that R.C. 2949.08(C) provides that a sentence shall be reduced by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted. The Supreme Court noted that the preliminary inquiry is to construe the term "confined" to determine whether a stay in a rehabilitation center is within the purview of the statute, *Nagle,* 23 Ohio St.3d at 186, 23 OBR at 348–349, 492 N.E.2d at 159. The Supreme Court found that the legislation specifies situations where a prisoner may not leave official custody of his own volition. The Supreme Court contrasted that with a rehabilitation facility, which imposes restrictions on a participant's freedom of action but does not so severely restrain freedom of movement as to constitute confinement.

In his dissent, Justice Wright asserted that time spent in a residential treatment house as an express condition of probation should be credited to a sentence imposed if the probation is revoked, because the time is spent in a highly restrictive environment. Justice Wright cited an annotation, Defendant's Right to Credit For Time Spent in a Half-way House, Rehabilitation Center or Restrictive Environment as a Condition of Probation (1983), 24 A.L.R.4th 789. Among the cases cited therein is *People v. Rodgers* (1978), 79 Cal.App.3d 26, 144 Cal.Rptr. 602. In *Rodgers*, the Court of Appeals for the First District of California reviewed the petitioner's stay in a rehabilitation facility. The court contrasted the restrictions imposed by the rehabilitation facility with those enforced in penal institutions. The California Court of Appeals concluded that someone in the rehabilitation facility is subjected to extreme restraints not shared by the public generally, some of which were not even shared by incarcerated persons. The court concluded that a resident of the facility was in custody for the purposes of the California statute.

■ We find that neither the syllabus nor the *dicta* in *Nagle* supports a finding that a person is never entitled to jail-time credit for time spent in a treatment facility while on probation. Instead, the court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute "confinement" as contemplated by the legislature.

■ Here, the record contains no information from which this court may conduct a meaningful review of the nature of program at Crossroads Center. Accordingly, we vacate the trial court's judgment and remand to that court with instructions to conduct a hearing on the nature of appellant's participation in the Crossroad Center program and determine of whether he was "confined" for purposes of the statute.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN and FARMER, JJ., concur.