The STATE of Ohio, Appellee,

v.

MURRAY, Appellant.

[Cite as *State v. Murray* (2000), 140 Ohio App.3d 217.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–077.

Decided Oct. 30, 2000.

*Charles E. Coulson,* Lake County Prosecuting Attorney, *Werner G. Barthol* and *Brian L. Summers,* Assistant Prosecuting Attorneys, for appellee.

*Morganstern, MacAdams & DeVito Co., L.P.A.,* and *Michael A. Partlow,* for appellant.

---

CHRISTLEY, Presiding Judge.

Appellant, Dean A. Murray, appeals from a final judgment of the Lake County Court of Common Pleas denying him credit for time served in the NorthEast Ohio Community Alternative Program. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

On April 10, 1997, appellant pled guilty to one count of receiving stolen property in violation of R.C. 2913.51. The trial court referred the matter to the Adult Probation Department for a presentence report and investigation.

A sentencing hearing was held on May 14, 1997. After considering the relevant statutory factors, the trial court determined that appellant was amenable to community control sanctions and sentenced him to three years of community control subject to the following conditions: (1) appellant serve ninety days participating in the Jail Diversion Program, (2) appellant make restitution to the victim, and (3) appellant submit to an evaluation by the Lake/Geauga Alcohol and Drug Abuse Center and follow all after-care recommendations. Appellant was

informed that a violation of his sentence could result in more restrictive sanctions, a longer sanction, or a prison term of up to eighteen months.

On May 29, 1997, appellee, the state of Ohio, filed a motion with the trial court to terminate community control based on appellant's failure of a random alcohol test. Appellee subsequently filed a motion to dismiss its motion to terminate community control. The trial court granted appellee's motion. However, appellant was ordered to serve the balance of his original ninety-day sentence in the Lake County Jail.

Nearly a year later, on April 7, 1998, appellee filed a second motion to terminate community control. This motion was based upon appellant's failure to report to the probation department to submit a urine sample and because he had tested positive for cocaine on a urine sample submitted to the Lake/Geauga Alcohol and Drug Abuse Center. On May 26, 1998, the trial court sent appellant to the NorthEast Ohio Community Alternative Program ("NEOCAP"). After appellant successfully completed the program, appellee voluntarily dismissed its motion to terminate community control.

On January 12, 1999, appellee filed a third motion to terminate community control because appellant had again tested positive for cocaine. Appellant waived his right to a probable cause hearing, and the trial court found him guilty of violating the terms of his community control. The trial court determined that appellant was no longer amenable to community control sanctions and modified his original sentence. In doing so, the trial court sentenced appellant to a definite one-year prison term. Appellant was credited for the ninety days he served in the Lake County Jail.

Appellant filed a *pro se* motion with the trial court to reduce his sentence by two hundred twenty-five days on March 11, 1999. The two hundred twenty-five days represented the time appellant spent either under house arrest, community control, or incarcerated pending hearings regarding his probation violation. In an abbreviated judgment entry filed the same day, the trial court denied the motion.

On April 8, 1999, appellant filed a motion for judicial release pursuant to R.C. 2929.20. After holding a hearing, the trial court denied appellant's motion on April 21, 1999.

From this judgment entry, appellant filed a motion with this court for a delayed appeal. We granted the motion and appellant now asserts the following assignment of error for our review:

"The trial court erred by denying the appellant's motion in part for jail time credit."

R.C. 2929.15 empowers the trial court with the authority to impose community control sanctions in lieu of a prison sentence. Pursuant to R.C. 2929.15(B), a violation of the terms of a community control sanction affords the trial court with three alternatives. The court may do any of the following: (1) impose a longer time under the same sanction; (2) impose a more restrictive sanction; or (3) impose a prison term on the offender pursuant to R.C. 2929.14, not to exceed the prison term reserved at the sentencing hearing. Furthermore, "[t]he court may reduce * * * a prison term imposed * * * by the time the offender successfully spent under the sanction that was initially imposed." R.C. 2929.15(B).

In his sole assignment of error, appellant argues that the trial court erred in failing to credit him for his time served in NEOCAP. He believes that the nature of NEOCAP, *i.e.*, that it required local incarceration, resulted in his being confined and ultimately entitled him to a reduction of his prison sentence.

Appellee counters appellant's position by asserting that prior to July 1, 1996, R.C. 2967.191 required credit to be given for time spent in a community-based correctional facility ("CBCF").[1] However, pursuant to S.B. No. 2, the phrase "confinement in a community based correctional facility and program or district community based correctional facility program" was deleted from the statute. Thus, appellee maintains that the trial court is no longer required to credit a person for time spent in a CBCF. Instead, appellee proposes that R.C. 2929.15(B) makes the decision to grant such credit discretionary.

Several appellate districts in Ohio have determined that a defendant is entitled to receive credit for the time served in a CBCF even after R.C. 2967.191 was revised. See, generally, *State v. Hines* (1999), 131 Ohio App.3d 118, 721 N.E.2d 1093; *State v. Fair* (2000), 136 Ohio App.3d 184, 736 N.E.2d 82; *State v. Dugan* (Dec. 10, 1999), Meigs App. No. 99CA04, unreported, 1999 WL 1254810; *State v. Rice* (July 2, 1999), Licking App. No. 99CA0019, unreported, 1999 WL 557681; *State v. Curry* (Jan. 25, 1999), Washington App. No. 97CA46, unreported, 1999 WL 34823; *State v. Cooper* (May 28, 1997), Meigs App. No. 96CA28, unreported, 1997 WL 325947. In reaching this conclusion, courts have generally found that credit should be given for time spent in a CBCF because such a facility is inherently different from any other form of community control sanction in that

---

1. Former R.C. 2967.191 stated:

   "The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, *confinement in a community based correctional facility and program or district community based correctional facility and program,* and confinement while awaiting transportation to the place where he is to serve his sentence." (Emphasis added.)

individuals in CBCFs are under detention and confinement. *Hines,* 131 Ohio App.3d at 121, 721 N.E.2d at 1095; *Fair,* 136 Ohio App.3d at 186-188, 736 N.E.2d at 83-85; *Dugan* at 6–11; *Rice* at 3–4; *Curry* at 6–8; *Cooper* at 4–5.

Although the Supreme Court of Ohio has yet to address this particular issue, a recent decision from the court may shed some light on the question currently before us. In *State v. Snowder* (1999), 87 Ohio St.3d 335, 720 N.E.2d 909, the Supreme Court was asked to decide whether a person confined in a CBCF could be convicted of escape. The relevant facts are as follows. Snowder was convicted of one count of drug abuse in the Licking County Court of Common Pleas. As part of his sentence, he was required to enter and successfully complete a CBCF program. Before completing the program, however, Snowder left the facility and never returned. He was eventually arrested in Portland, Oregon.

As a result of his termination from the CBCF program, the trial court revoked his probation and reimposed the original sentence. Snowder was eventually convicted of escape based on the stipulated facts of the case. He appealed his conviction, arguing that he could not be convicted of escape for failing to return to the CBCF because he did not receive credit for time served toward the subsequently imposed prison sentence. Snowder claimed that if he did not receive credit for time served, he was not in confinement or detention and, therefore, could not be convicted of escape.

The Supreme Court rejected appellant's argument. Specifically, the court concluded that if the General Assembly had intended to change the status of CBCF residents, R.C. 2967.191 could have been amended to reflect that intention. *Snowder,* 87 Ohio St.3d at 336, 720 N.E.2d at 910. The fact that the General Assembly did not do so, however, did not render R.C. 2967.191, as amended, unclear or ambiguous. *Id.* Rather, the court noted that R.C. 2967.191 provides that a defendant shall receive credit when the defendant had been confined "for any reason arising out of the offense," and that the specific inclusions following the "any reason" statement clarified "certain, otherwise possibly ambiguous, situations" that were not applicable to the case at bar. *Id.*

The Supreme Court went on to define what must be included in a CBCF to qualify under R.C. 2301.52. For example, a CBCF must include "a physical facility that will be used for the confinement of persons * * * sentenced to the facility," R.C. 2301.52(A), and it must "[b]e a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community," R.C. 2301.52(A)(1).

Based on these requirements, and on the fact that Snowder was required by the trial court to enter the facility and could not leave without permission, the Supreme Court concluded that entry into a CBCF constituted confinement.

Thus, the court held that "a defendant in a CBCF is in detention pursuant to R.C. 2921.01(E) and (F), and is subject to conviction for escape pursuant to R.C. 2921.34." *Snowder*, 87 Ohio St.3d at 337, 720 N.E.2d at 911.

Again, the decision in *Snowder* is not exactly on point. Nevertheless, in considering the Supreme Court's conclusion that entry into a CBCF constitutes confinement, this court concludes that time served in such a facility should be credited to any subsequent sentence imposed upon a person who has violated his or her community control sanctions.

■ Our analysis does not end here. In the appellate briefing, both parties refer to NEOCAP as a CBCF. However, with the limited record before us, we cannot conduct a meaningful review of the nature of the program to determine whether or not NEOCAP qualifies as a CBCF. It does appear that appellant was released from the facility to work a regularly scheduled job and that his schedule was filed with the trial court. Without more information on the nature of the program, however, we are unable to determine the severity of the restrictions placed on appellant during his stay at the facility. Thus, we are unable to conclude whether he was "confined" within the meaning of the term as determined by the General Assembly and the Supreme Court in *Snowder* so as to be entitled to credit for time served at NEOCAP. See, generally, *State v. McComb* (June 25, 1999), Greene App. No. 99CA8, unreported, 1999 WL 961344.

Accordingly, we must remand this matter to the trial court for reconsideration of appellant's motion in light of *Snowder*. On remand, the trial court is instructed to make a determination as to whether NEOCAP qualifies as a CBCF. If so, the court is further instructed to credit appellant with the time he spent in the program. Appellant's assignment of error has merit to the limited extent indicated.

Based on the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and WILLIAM M. O'NEILL, JJ., concur.