OPINION
{¶ 1} Defendant-appellant Clinton A. Hull ("Hull") brings this appeal from the judgment of the Court of Common Pleas of Marion County denying without a hearing Hull's motion to recalculate the amount of time he has already served.
 {¶ 2} On February 6, 1995, Hull was found guilty of one count of abduction, one count of domestic violence, and one count of having a weapon under a disability. Hull was sentenced to the following indefinite terms: 2 to10 years in prison for count one, 2 to 5 years in prison for count two, and 2 to 5 years in prison for count three. The sentences were to be served concurrently. On April 2, 1996, the trial court granted Hull super shock probation. Hull was released from prison on April 29, 1996.
 {¶ 3} On September 19, 1996, Hull was arrested for failing to report a change of address. The matter was resolved and Hull was released on October 3, 1996. On October 21, 1996, Hull was again arrested for various probation violations, including an alleged attempted abduction and felonious assault. On December 30, 1996, Hull was found to have violated the terms of his probation. The trial court ordered that probation be tolled until he had served his prison sentence on the additional charges. Once that term had been served, the trial court ordered that probation be continued with the addition that upon Hull's release from prison, Hull must enter an in-patient treatment facility for substance abuse and remain there until the probation department and the staff of the treatment facility permits him to leave. Once released from prison on an unrelated offense, Hull was transported to the county jail on March 26, 1998. Hull was then released from the county jail and transported to the treatment facility on April 6, 1998.
 {¶ 4} On September 28, 1998, Hull left the treatment facility for failing a urine screen for drugs. He was immediately jailed on a probation violation. Hull was released on October 14, 1998. On February 19, 1999, Hull was again arrested for violating the terms of his probation by committing a drug offense in Morrow County. Hull remained in the Marion County jail on the probation violation until July 9, 1999, when the trial court determined that Hull had violated his probation. The trial court ordered that probation would be tolled while Hull served the prison term ordered in the Morrow County case and then probation would be continued.
 {¶ 5} On July 25, 2001, Hull was held in the multi-county jail facility for alleged violations of the terms of his probation. A hearing was held on the alleged violations on September 21, 2001. On September 24, 2001, Hull's probation was revoked. Hull was then returned to prison on September 27, 2001. On January 18, 2002, Hull filed a motion for jail time credit. No hearing was held. On June 27, 2002, the trial court granted Hull 245 days of local jail time. He denied Hull any time for the time spent in the drug treatment facility and for any time spent in the Marion County jail for the probation violation related to the Morrow County case. This time was denied because the trial court believed that time had previously been credited in the Morrow County case.[1] The trial court noted in its entry that it had not calculated time spent in prison. On August 14, 2002, Hull filed a motion to reconsider the prior calculation. The motion was based upon Hull's affidavit which claimed that Morrow County had not credited him the time served because it believed he was being held on the probation violation. The trial court overruled this motion. It is from this judgment that Hull raises the following assignments of error.
 {¶ 6} "The trial court erred as a matter of law in refusing to credit one hundred seventy-five days of confinement as jail-time (sic) credit to [Hull]."
 {¶ 7} "The trial court abused its discretion in refusing to credit ninety-one days of confinement as jail-time (sic) credit, based upon a mistake of fact."
 {¶ 8} In the first assignment of error, Hull claims that the trial court should have given him credit for time served in the treatment facility.
 {¶ 9} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191.
 {¶ 10} This statute includes confinement in any community-based correctional facility ("CBCF"). State v. Snowder (1999), 87 Ohio St.3d 335,1999-Ohio-135, 720 N.E.2d 909. A CBCF is a "secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." Id. at 337. Time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. Statev. Napier (2001), 93 Ohio St.3d 646, 2001-Ohio-1890, 758 N.E.2d 1127. To determine whether one has been confined, the trial court must conduct a hearing on the nature of the rehabilitation program. State v. Jones
(1997), 122 Ohio App.3d 430, 702 N.E.2d 106. See, also, State v. Corbin
(1999), 131 Ohio App.3d 239, 722 N.E.2d 154 (holding that a hearing is not necessary when it is clear from the record the time spent at the rehabilitation center was in lieu of jail and that appellant was not free to leave whenever he wished). Absent a hearing, the record contains no information from which this court may conduct a meaningful review of the program. Jones, supra.
 {¶ 11} Here, Hull was ordered to the treatment facility by the trial court as a term of his probation. Hull was not permitted to leave until the probation department gave him permission. This would imply that Hull was detained at the facility and is thus entitled to credit for the time spent at the facility. However, the record lacks any additional information that is necessary to conduct a meaningful review of the program at the facility. Therefore, we vacate the trial court's judgment and remand the matter to the trial court for a hearing to determine the nature of the program to which Hull was sentenced and for a determination of whether he was confined.
 {¶ 12} Next, Hull claims that the trial court made a mistake of fact by assuming that Morrow County credited the time spent in the Marion County jail in its case. Hull claims that Morrow County did not credit that time and instead treated it as a result of the probation violation. The record reveals no evidence to contradict this claim.[2] The record also reveals no evidence, other than Hull's affidavit, to support the claim. Thus, this matter is also remanded for the trial court's review.
 {¶ 13} The judgment of the Court of Common Pleas of Marion County is reversed. The cause is remanded for a hearing on the matter and recalculation of the time served based upon the evidence presented to the trial court.
Judgment reversed
 and cause remanded.
 SHAW and WALTERS, JJ., concur.
[1] No evidence is found in the record to indicate that this is the case and the trial court does not state how it came by this information.
[2] We note that this matter can quickly be resolved by a call to the Morrow County Clerk's office to retrieve a copy of the judgment entry showing what time was credited in the case in dispute.