[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} On October 31, 2000, defendant-appellant, Willie Enfinger, pleaded guilty to one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4). On November 28, 2000, the court sentenced him to serve three years of community control and to successfully complete the Alvis House Program, a residential treatment facility for individuals diagnosed with mental retardation. Enfinger remained at the Hamilton County Justice Center until a bed at Alvis House became available. He was not transferred to the facility until September 5, 2001.
 {¶ 3} On March 18, 2002, Enfinger filed a motion to terminate probation. In that motion, he argued that because the maximum sentence he could have received was eighteen months' incarceration and that the Alvis House program was equivalent to confinement, he had served his sentence and was entitled to be released. At a hearing, the evidence showed that the Alvis House program took two years to complete, and that Enfinger had only been there for approximately seven months. After hearing evidence about the rules and conditions of the treatment program, the trial court overruled Enfinger's motion to terminate probation.
 {¶ 4} In his sole assignment of error, Enfinger contends that the trial court erred in overruling his motion to terminate his probation. He argues that the evidence showed that the conditions at Alvis House constituted "confinement" and that he was entitled to credit for his time served there. This assignment of error is not well taken.
 {¶ 5} The Ohio Supreme Court has held that time spent at a residential treatment facility does not constitute "confinement" for the purpose of granting jail-time credit. State v. Nagle (1986),23 Ohio St.3d 185, 492 N.E.2d 158. A court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute confinement. State v. Jones (1997),122 Ohio App.3d 430, 702 N.E.2d 106; State v. Fattah (Nov. 13, 2000), 12th Dist. No. CA2000-03-050.
 {¶ 6} The evidence showed that while the Alvis House programs placed some restrictions upon the conduct of its residents for their safety and the safety of the surrounding community, those restrictions were not so onerous or stringent as to constitute confinement. SeeNagle, supra; State v. Jones (June 25, 1998), 5th Dist. No. 97 CA 107. Consequently, Enfinger was not entitled to credit for the time he spent at Alvis House, and the trial court did not err in overruling his motion to terminate probation. We overrule his sole assignment of error and affirm the trial court's judgment.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Sundermann, JJ.