OPINION
{¶ 1} Defendant-appellant Craig Barkus appeals from the July 19, 2002, Judgment Entry of the Richland County Court of Common Pleas denying his Motion for Jail Time Credit. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 11, 1999, the Richland County Grand Jury indicted appellant in Case No. 99-CR-375-D on one count of attempted aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the second degree. At his arraignment on August 24, 1999, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 3} Subsequently, on November 1, 1999, appellant withdrew his former not guilty plea and pled guilty to the charge of attempted aggravated arson. On the same date, appellant pled guilty to a charge of theft in violation of R.C. 2913.02(A)(2), a felony of the fifth degree, contained in a Bill of Information in Case No. 99-CR-576-D. As memorialized in a Sentencing Entry filed on November 3, 1999, appellant was sentenced to four years in prison for the offense of attempted aggravated arson and ordered to pay restitution for any property damage. The trial court, in its entry, ordered that appellant's sentence be served concurrently with his six month sentence in Case No. 99-CR-576-D.
 {¶ 4} On May 8, 2000, appellant filed a Motion for Judicial Release. Pursuant to an entry filed on June 28, 2000, the trial court granted appellant's motion and placed appellant on community control for a period of four years. Appellant, as part of his community control, was ordered to complete the 16 month Teen Challenge Program in Perry, Ohio.
 {¶ 5} Appellant was later arrested for violating the terms and conditions of his community control. On June 17, 2002, appellant entered a plea of guilty to the majority of his community control violations and the remaining violations were dismissed on the State's motion. Thereafter, on July 1, 2002, appellant appeared again before the trial court. After the trial court terminated appellant's community control and reinstated his original sentence, appellant asked for credit for the 16 months that he spent at Teen Challenge. At the July 1, 2002 hearing, appellant's counsel indicated that he believed that Teen Challenge "falls under the same guidelines as . . . State v. Snouder and will qualify, similar to a CBCF." Transcript of July 1, 2002. hearing at 3. At the request of the trial court, appellant, on July 10, 2002, filed a Motion for Jail Time Credit. Appellant, in his motion, stated, in relevant part, as follows:
 {¶ 6} "Defendant for authority to [sic] his position refers toState v. Snowder (1999), 87 Ohio St.3d 335, attached, where the Court held that a defendant could be convicted of Escape for failure to return to a Community Based Correctional Facility (CBCF), that CBCF is a detention facility, that defendant should receive a jail time credit for days spent in confinement at CBCF.
 {¶ 7} "Like CBCF, Teen Challenge is a physical facility used for confinement of persons . . . sentenced to the facility. Barkus [appellant] was required to entered [sic] Teen Challenge and not allowed to leave Teen Challenge without permission."
 {¶ 8} Appellee did not file a response to appellant's motion. As memorialized in a Judgment Entry filed on July 19, 2002, the trial court overruled appellant's Motion for Jail Time Credit, finding the same to be without merit.
 {¶ 9} It is from the trial court's July 19, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court committed harmful error in denying the motion for credit for time served while participating in the teen challenge program."
 I {¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion for Jail Time Credit for "time served while participating in the Teen Challenge Program." In essence, appellant argues that his participation in the Teen Challenge Program constitutes "confinement."
 {¶ 12} R.C. § 2967.191 governs reduction of prison term for prior confinement and states as follows: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner, . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." Although it is the department's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. See State ex rel. Corderv. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. Confinement in any community-based correctional facility ("CBCF") constitutes confinement for purposes of R.C. 2967.191. See State v. Napier, 93 Ohio St.3d 646,2001-Ohio-1890, 758 N.E.2d 11127 and State v. Snowder, 87 Ohio St.3d 335,1999-Ohio-135, 720 N.E.2d 909. A CBCF is a "secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." Snowder, supra. at 337. See also R.C. 2301.52. Time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. See Napier, supra. As noted by this Court inState v. Jones (1997), 122 Ohio App.3d 430, 432, 702 N.E.2d 106, the "court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature." Id.
 {¶ 13} In Jones, supra., the defendant, who was sentenced to prison after violating his probation, filed a motion for jail time credit seeking credit for time that he spent at Crossroads Center for Change. After the trial court overruled his motion, the defendant appealed. This Court, on appeal, noted that the record contained no information from which this Court could conduct a meaningful review of the nature of the program at Crossroads. For such reason, we vacated the trial court's judgment and remanded the matter to the trial court "with instructions to conduct a hearing on the nature of appellant's participation in the Crossroads Center program and determine whether he was `confined' for purposes of the statute." Id. at 432.
 {¶ 14} Likewise, upon our review of the record in the case sub judice, we find that there is no evidence as to the nature of the Teen Challenge Program and of appellant's participation in the same. Without such evidence, we are unable to conduct a meaningful review of the nature of the Teen Challenge Program to determine whether or not it qualifies as a CBCF. For such reason, pursuant to Jones, we vacate the trial court's judgment and remand the case sub judice to the trial court with instructions to conduct a hearing on the nature of the Teen Challenge Program to determine whether the restrictions on the participants in such program "are so stringent as to constitute "confinement" as contemplated by the legislature." Jones, supra. At 432. If so, the trial court is instructed to credit appellant with the time that he spent in such program.[1]
By Edwards, J., Wise, P.J. and Boggins, J. concur.
In Re: Jail Time Credit — Participation in Program.
[1] See also State v. Murray (2000), 140 Ohio App.3d 217,746 N.E.2d 1191. In Murray, the defendant filed a motion for jail time credit for the time that he served in the Northeast Ohio Community Alternative Program. Since, from the limited record before the court, the court was unable to conduct a meaningful review of the nature of such program to determine whether or not it qualified as a CBCF, the court, inMurray, remanded the matter back to the trial court.