OPINION
{¶ 1} Defendant John W. Glancy, Jr. appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which sustained his motion for credit for time served, but granted him only 8 days, instead of the 115 days appellant had requested. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRORED [SIC] WHEN IT REFUSED TO GRANT DEFENDANT ADDITIONAL 107 JAIL TIME CREDIT."
 {¶ 3} The record indicates appellant had been incarcerated at the Southeastern Correctional Institution. He was granted judicial release, and spent 107 days at the Spencer House in Newark, Licking County, Ohio, as one of the conditions of his judicial release. Thereafter, appellant spent time in community control, until he was incarcerated for a probation violation.
 {¶ 4} Appellant filed a pro se motion for credit for time served, and the court granted him 8 days credit for the time he spent at the county jail awaiting transportation to North Coast Correctional Treatment Facility. The trial court did not give appellant credit for time spent at Spencer House.
 {¶ 5} In State v. Jones (1997), 122 Ohio App.3d 430, 702 N.E.2d 106, this court discussed whether a defendant is entitled to a jail-time credit for time spent in a treatment facility while on probation. We found the sentencing court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute confinement as contemplated by the legislature.
 {¶ 6} Likewise, in State v. McComb (Juen 25, 1999), Montgomery Appellate No. 99CA8, the Court of Appeals for Second District reviewed a similar situation. The court found the focus of R.C. 2949.08 is on confinement, which encompasses a wide range of situations and facilities rather than just incarceration in a jail facility.
 {¶ 7} As in Jones, supra, and McComb, supra, the record contains no information upon which we can conduct a meaningful review of the nature of Spencer House. In McComb the court of appeals found depending upon the trial court's familiarity with the program, it may or may not be required to conduct a hearing in order to make a determination of whether a participant is confined under the meaning of the statute.
 {¶ 8} We vacate the trial court's judgment and remand the matter to the court with instructions to determine whether a hearing is necessary, and, should the relief requested be denied, to place on the record an explanation of why appellant's participation in Spencer House was not "confinement", so that this court may conduct a meaningful review.
 {¶ 9} The assignment of error is sustained.
 {¶ 10} For forgoing reasons the judgment of the Court of Common Pleas of Licking County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.