JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Robert D. Carter ("appellant"), appeals the trial court's computation of jail-time credit. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
Case Nos. CR-452673, CR-457338 CR-462715
 {¶ 3} On June 9, 2004, appellant was indicted for one count of felonious assault and one count of domestic violence in Case No. CR-452673. On October 8, 2004, appellant was also indicted in Case No. CR-457338 for assault, falsification and resisting arrest. In Case No. CR-462715, appellant was indicted on February 28, 2005, for one count of failure to verify address and one count of failure to provide notice of change of address.
 {¶ 4} After appellant failed to appear for trial in each of the three aforementioned cases, the trial court issued a bond forfeiture capias. Appellant ultimately surrendered himself to the court and was incarcerated at the county jail on July 8, 2005.
 {¶ 5} Thereafter, on September 22, 2005, appellant pled guilty to an amended charge of felonious assault and a count of domestic violence with notice of prior conviction in Case No. CR-452673. Four days later, on September 26, 2005, appellant also pled guilty to assault in Case No. CR-457338 and attempted verification of current residence in Case No. CR-462715. The state nolled the remaining counts in the two cases. *Page 4 
 {¶ 6} The court proceeded to impose sentences upon appellant on October 27, 2005 for all three cases, CR-452673, CR-457338, CR-462715. In Case No. CR-452673, the court imposed a six month suspended sentence upon appellant and four years probation for the domestic violence charge. Additionally, the court sentenced appellant to a concurrent term of four years of community control sanctions for the felonious assault charge. Also, in Case No. CR-457338 and CR-462715, the court sentenced appellant to four years of community control sanctions for each of the two convictions in those cases. In each of three cases, the court also ordered that appellant be remanded to jail for placement into a residential facility for up to 6 months. The court ordered that appellant be screened for placement into the Northwest Community Corrections Center ("Northwest CCC") and, if found eligible, must successfully complete the entire program and follow all program recommendations. Following sentencing, appellant maintains he attended Northwest CCC.
 {¶ 7} On March 1, 2007, the trial court found appellant in violation of the community control sanctions imposed in Case Nos. CR-452673, CR-457338, CR-462715. As a result, the court sentenced appellant in Case No. CR-452673 to a four-year prison term. Additionally, in Case No. CR-457338 the trial court sentenced appellant to an 18-month prison term and the same sentence in Case No. CR-462715. Finally, the court ordered all three sentences to be served concurrently to each other.
 Case Nos. CR-492488 CR-492769 *Page 5 
 {¶ 8} On February 23, 2007, appellant was indicted in Case No. CR-492488 for one count of failure to verify address. He pled guilty to the charge on April 6, 2007 and the court sentenced him to four-years imprisonment to run concurrent to the charges imposed in Case Nos. CR-452673, CR-457338, CR-462715 and CR-492769.
 {¶ 9} On February 28, 2007, the Cuyahoga County Grand Jury indicted appellant in Case No. CR-492769 on three counts of failure to comply with order or signal of police officer, obstructing official business and resisting arrest. On April 9, 2007, appellant pled guilty to the charge of obstructing official business and the state nolled the remaining two counts. The court sentenced appellant on that date to 12 months imprisonment to run concurrent with the sentences imposed in Case Nos. CR-452673, CR-457338, CR-462715, and CR-492488.
 {¶ 10} On July 9, 2007, appellant filed a motion for jail-time credit. On August 20, 2008, the trial court granted appellant jail-time credit but only 49 days, not the 561 days appellant requested.
 {¶ 11} Appellant now asserts two assignments of error for our review. Finding the two assignments of error substantially similar, we will address them together. Appellant's first assignment of error states:
 {¶ 12} "The trial court violated appellant's `rights' of due process and equal protection under the law clause, by not granting appellant's correct and total amount of jail-time credit."
 {¶ 13} Appellant's second assignment of error states: *Page 6 
 {¶ 14} "The trial court erred when it denied appellant's jail-time credit motion wihtout [sic] addressing any claims as defined in said motion, which in effect leaves the appellant to serve 520 days for the same sentence twice. Thus, denying appellant's due process of law."
 {¶ 15} Within these assignments of error, appellant argues that the trial court erred when it credited him only 49 days of jail-time credit rather than the 520 days requested by appellant. We, however, are unable to conduct a meaningful review of the trial court's determination of jail-time credit because the court failed to hold a hearing regarding whether appellant's time at Northwest CCC constituted confinement under the terms of R.C. 2967.191.
 {¶ 16} In this case, appellant was confined to jail while awaiting trial in Case Nos. CR-452673, CR-457338 and CR-462715 from July 8, 2005 until sentencing on October 27, 2005. Thereafter, appellant maintains he was transported to Northwest CCC for treatment per the trial court's order at sentencing.
 {¶ 17} Under R.C. 2967.191, the department of rehabilitation and correction "shall reduce the stated prison term *** by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."
 {¶ 18} A key factor in determining whether the prisoner was confined pursuant to R.C. 2967.191 is whether the defendant is in a secure facility with lockups and other measures sufficient to ensure the safety of the surrounding community. State v. Snowder, 87 Ohio St.3d 335, 337,1999-Ohio-135, 720 N.E.2d 909. Time spent in *Page 7 
a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. State v. Napier, 93 Ohio St.3d 646, 647-648, 2001-Ohio-1890,758 N.E.2d 1127.
 {¶ 19} As noted by the court in State v. Jones (1997),122 Ohio App.3d 430, 432, 702 N.E.2d 106, the trial court "must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature." Accord State v. Barkus, Richland App. No. 2002 CA 0052, 2003-Ohio-1757; State v. Fattah (Nov. 13, 2000), Butler App. No. CA2000-03-050; State v. Hull, Marion App. No. 9-02-51, 2003-Ohio-396.
 {¶ 20} In this matter, the court did not conduct a hearing to review the nature of appellant's stay at Northwest CCC to determine whether the restrictions on appellant constituted "confinement" as contemplated by the legislature. Absent a hearing, there is no way to determine the level of confinement at this facility. In order to ensure a meaningful review of the trial court's determination of jail-time credit, we must reverse and remand for a hearing in order to create a record as to the nature of appellant's participation in the Northwest CCC program and a determination of whether he was "confined" for purposes of the statute. Accordingly, we vacate the trial court's judgment as to jail-time credit, and remand with instructions to conduct a hearing pursuant to this opinion, and if so needed, a recalculation of the time served based upon the evidence presented to the trial court.
 {¶ 21} This cause is reversed and remanded to the lower court for further *Page 8 
proceedings consistent with this opinion.
 {¶ 22} It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
MARY EILLEEN KILBANE, J., CONCURS; SEAN C. GALLAGHER, P.J., DISSENTS (SEE ATTACHED DISSENTING OPINION)