[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 335.]

THE STATE OF OHIO, APPELLEE, *v*. SNOWDER, APPELLANT.

[Cite as *State v. Snowder*, 1999-Ohio-135.]

*Criminal law—Defendant in a community-based correctional facility is in detention pursuant to R.C. 2921.01(E) and (F), and is subject to conviction for escape pursuant to R.C. 2921.34.*

(No. 98-2044—Submitted September 14, 1999—Decided December 29, 1999.)

APPEAL from the Court of Appeals for Licking County, No. 98CA22.

_____

{¶ 1} Appellant, Steven E. Snowder, was convicted of one count of drug abuse in the Licking County Court of Common Pleas on July 30, 1996. The court sentenced Snowder to a definite term of one and one-half years at the Orient Correctional Reception Center, suspended the sentence, and placed him on probation for a period of five years. The terms of his probation required Snowder to enter and successfully complete the Licking/Muskingum Community Based Correctional Facility ("CBCF") program.

{¶ 2} Snowder failed to return to the CBCF on November 24, 1996, and was terminated from the program. (Snowder was not located until arrested in Portland, Oregon, on June 13, 1997.) As a consequence of his termination from the CBCF program, the trial court revoked probation and reimposed the original sentence. Snowder received no jail time credit for the days he spent in the CBCF.

{¶ 3} Subsequently, Snowder was convicted of escape, R.C. 2921.34, based on stipulated facts. Snowder appealed, arguing that it was error to convict him of escape for failure to return to the CBCF because he did not receive credit for time served toward a subsequently imposed prison sentence. The court of appeals affirmed the conviction.

**{¶ 4}** The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Kenneth W. Oswalt*, Licking County Prosecuting Attorney, and *Stephanie G. Gussler*, Assistant Prosecuting Attorney, for appellee.

*Law Offices of Kristin Burkett* and *Andrew T. Sanderson*, for appellant.

_____

**PFEIFER, J.**

**{¶ 5}** The issue in this case is whether Snowder was required to return to detention pursuant to R.C. 2921.01(E). For the reasons that follow, we conclude that he was. Accordingly, we conclude that he was properly convicted of escape.

**{¶ 6}** R.C. 2921.34(A) provides that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break detention, or purposely fail to return to detention * * *."

**{¶ 7}** R.C. 2921.01(E), as amended October 4, 1996, defined "detention" to include "confinement in any facility for custody of persons charged with or convicted of crime in this state." 146 Ohio Laws, Part II, 2214.

**{¶ 8}** R.C. 2921.01(F) defined "detention facility" as "any place used for the confinement of a person charged with or convicted of any crime." *Id.*

**{¶ 9}** R.C. 2967.191, as amended July 1, 1996, stated that "[t]he adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." 146 Ohio Laws, Part VI, 11014-11015. Prior to July 1, 1996, R.C. 2967.191 had a provision that required time spent confined in a CBCF to be included when determining a reduction in the stated prison term. See 139 Ohio Laws, Part I, 582.

**{¶ 10}** Snowder argues that the deletion of this provision indicates the General Assembly's intent not to provide credit for time served in a CBCF. He further argues that if he does not receive credit for time served, then he was not in confinement or detention and that therefore he cannot be convicted of escape.

**{¶ 11}** It is possible that the General Assembly intended to do exactly what Snowder argues. It is also possible that it intended something entirely different. Whatever was intended by the deletion with respect to the escape statute is not clear on the statute's face.

**{¶ 12}** If it had been the intention of the General Assembly to change the status of CBCF residents, the statute could have been amended to specifically reflect that intention. The deletion of the specific reference to CBCFs does not render amended R.C. 2967.191 unclear or ambiguous. Accordingly, our role is to apply the amended statute. See *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 213, 404 N.E.2d 159, 161, citing *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus (unambiguous statute is to be applied, not interpreted).

**{¶ 13}** The statute states that a defendant shall receive credit when that defendant has been confined "for any reason arising out of the offense." The statute's specific inclusions following the "any reason" statement clarify certain, otherwise possibly ambiguous, situations that are not applicable here.

**{¶ 14}** Snowder correctly argues that criminal statutes must be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). "Nevertheless, courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized." *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 347, 626 N.E.2d 939, 942. Accordingly, we turn to the relevant statutes to determine whether Snowder was confined.

**{¶ 15}** A CBCF must include "a physical facility that will be used for the confinement of persons * * * sentenced to the facility." R.C. 2301.52(A); 146 Ohio Laws, Part IV, 7231. By the terms of his probation, Snowder was required to enter the CBCF. A CBCF must "[b]e a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." R.C. 2301.52(A)(1). Snowder stipulated that he was not allowed to leave the CBCF without permission. It appears beyond doubt that entry into a CBCF constitutes confinement.

**{¶ 16}** We hold that a defendant in a CBCF is in detention pursuant to R.C. 2921.01(E) and (F), and is subject to conviction for escape pursuant to R.C. 2921.34. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

————————————