OPINION
Appellant David Napier appeals the decision of the Stark County Court of Common Pleas denying his motion for jail time credit for days spent at a community-based correctional facility. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows. On May 29, 1998 appellant was indicted on one count of possession of cocaine, a fifth-degree felony. Appellant pled guilty to the charge on August 26, 1998. On September 30, 1998, the trial court sentenced appellant to three years of community control sanctions. One of the conditions of the sentence was the completion of a stay at the Stark Regional Community Corrections Center ("SRCCC"), a community-based correctional facility. On July 14, 1999 appellant's probation officer filed a motion to modify the community control sanctions. On July 28, 1999, appellant entered a stipulation that he had violated the terms of his community control sanctions. The trial court thereupon revoked appellant's community control and sentenced him to a prison term of eight months. On July 30, 1999 appellant filed a motion requesting credit for the 110 days he had spent at SRCCC. The trial court conducted an evidentiary hearing on the motion on September 1, 1999. However, on September 20, 1999, the court denied appellant's motion for full credit, instead recognizing the first thirty days of "lockdown" time only. On October 20, 1999, appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT CREDIT FOR ALL TIME SPENT IN A COMMUNITY BASED CORRECTIONS FACILITY.
 I.
Appellant essentially urges that his time in SRCCC constituted "confinement," thereby requiring the trial court to recognize the entire period as credit for time served. We agree. R.C. 2967.191
sets forth the following guidelines: The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
Both parties acknowledge that the present statute, unlike the pre-1996 version, deletes the phrase "confinement in a community based correctional facility and program or district community based correctional facility program" in the textual list of forms of confinement. The issue of the removal of the above phrase is cogently addressed in the recent Ohio Supreme Court ruling in State v. Snowder (1999), 87 Ohio St.3d 335, in which appellant unsuccessfully challenged his conviction for escape from the Licking/Muskingum Community Based Correctional Facility ("CBCF"): Snowder argues that the deletion of this provision indicates the General Assembly's intent not to provide credit for time served in a CBCF. He further argues that if he does not receive credit for time served, then he was not in confinement or detention and that therefore he cannot be convicted of escape.
It is possible that the General Assembly intended to do exactly what Snowder argues. It is also possible that it intended something entirely different. Whatever was intended by the deletion with respect to the escape statute is not clear on the statute's face. Id. at 336.
The Supreme Court ultimately upheld appellant's conviction for escape under R.C. 2921.34, noting that "[i]t appears beyond doubt that entry into a CBCF constitutes confinement." Id. at 337. We find the above holding of Snowder equally applicable to the situation presently before us. The proposition that one could be convicted for escape from a CBCF facility, yet simultaneously not warrant credit for confinement time served in that same facility, is an issue courts must carefully weigh in these types of cases, in light of the axiom that statutes should be construed to avoid unreasonable or absurd consequences. See State ex rel. Dispatch Printing v. Wells (1985), 18 Ohio St.3d 382, 384. Nonetheless, the state proposes that Snowder recognizes only "entry" into a CBCF as confinement, and therefore appellant's stay at SRCCC, past the initial R.C. 2301.52(B)(1) thirty-day restricted period, exceeded the parameters of his "entry" phase. Thus, urges the state, the trial court's limited credit for the thirty-day "lockdown" period comports with the requirements of Snowder. However, we find no support for such a strict dichotomy. We note that the defendant in Snowder failed to return to the Licking/Muskingum facility from a Narcotics Anonymous meeting on November 24, 1996, over three months after his original sentencing. See, also, State v. Snowder (Aug. 19, 1998), Licking App. No. 98 CA 22, unreported. The facts of the case give every indication that the defendant in Snowder, eligible for passes to attend self-help meetings, was past any initial lockdown phase, yet his escape conviction was found valid. Therefore, we find no merit in the state's attempt to restrict the definition of confinement in this manner. Finally, the state relies on State v. Nagle (1986), 23 Ohio St.3d 185, in support of its position. In Nagle, the Ohio Supreme Court denied a probationer's request for credit for time spent at a rehabilitation center. However, the facility at issue in that case, at which the probationer was to serve as a condition of probation, was a Dallas, Texas rehabilitation center named "Help Is Possible." Id. at 185. Although somewhat instructive on our present topic, Nagle clearly analyzes a drug rehabilitation setting under the now-repealed R.C. 2951.04, rather than the CBCF guidelines under R.C. 2301.51, et seq. Reliance on Nagle is therefore unpersuasive in the matter sub judice. Our holding herein corresponds to caselaw from our own and several other appellate districts determining that generally a defendant should receive credit for the time served in a community based correctional facility. See, e.g., State v. Corbin (1999),131 Ohio App.3d 239; State v. Hines (1999), 131 Ohio App.3d 118; State v. Peters (May 13, 1999), Licking App. Nos. 98 CA 118 and 98 CA 119, unreported; State v. Rice (July 2, 1999), Licking App. No. 99 CA 19. We are cognizant of, and abide by, our directive in State v. Wright (April 3, 2000), Stark App. No. 1999CA00330, unreported, that an evidentiary hearing should be conducted to reveal "the exact nature and circumstances of [an] appellant's enrollment at SRCCC." Having now the opportunity in the case sub judice to review the evidence presented in such a hearing, we are satisfied that appellant's setting at SRCCC comported with the guidelines for a CBCF program as provided in R.C. 2301.51, et seq. and O.A.C. Chapter 5120:1-14-01, et al. Therefore, pursuant to the rationale of Snowder, the trial court should have granted appellant credit for the requested 110 days in the time period December 1, 1998 to March 30, 1999. Appellant's sole Assignment of Error is sustained. For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and remanded for further proceedings consistent with this opinion.
 ___________________ Wise, J.
By: Gwin, P.J., and Farmer, J., concur.