OPINION
Stacey Martin is appealing the refusal of the trial court to grant her jail time credit for the 126 days she spent in the Franklin County Community Based Correctional Facility, her sole assignment of error.
The trial court's rationale is that Martin was receiving treatment while in that Facility and "therefore" she is not entitled to jail time credit because the Facility does not thus meet the definition of incarceration as defined by R.C.2929.01(V). Docket 41.
Martin, however, in her brief on appeal, correctly points out that even though an inmate may be receiving "treatment" while confined in a Facility, it does not eliminate the fact that the inmate is actually "confined." The State, in a commendably brief brief, argues that since the General Assembly amended the applicable statute, R.C. 2967.191, effective July 1, 1996, removing Community-Based Correctional Facilities from the list of examples given by the legislature as areas constituting confinement, granting jail time credit for time spent in such facilities is now discretionary with the trial court. The State candidly admits, however, that "each of the appellate courts which have reviewed this issue since the amendment determined that despite the amendment incarceration at a Community Based Correctional Facility constitutes confinement for purposes of jail time credit." Brief, 2-3.
We join all the other appellate courts in their holdings. Without bothering to list all of the cases listed in Martin's brief that support her position, we simply adopt the following analysis of the issue as presented by the Washington County Court of Appeals in State v. Curry (Jan. 25, 1999), Washington App. No. 97CA46, unreported, to-wit:
 We begin our discussion by looking at the definition of a detention facility in R.C. 2921.01(F) which says,
 "Detention facility means any place used for the confinement of a person charged with or convicted of any crime or alleged to be or found to be a delinquent child."
 * * 3 R.C. 2301.52 sets the minimum requirements for community-based correctional facilities and programs, as follows,
 "Each proposal for a community-based correctional facility and program or a district community-based correctional facility and program shall provide for or contain at least the following:
 (A) The designation of a physical facility that will be used for the confinement of persons sentenced to the facility and program by a court pursuant to section 2929.16 or 2929.17
of the Revised Code or persons otherwise committed or admitted pursuant to law to the facility and program. The designated facility shall satisfy all of the following:
 (1) Be a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community; * * *" emphasis supplied.
Community correctional facilities are treated as any other correctional facility and it is illegal, for example, under R.C. 2921.36 to attempt to bring firearms or drugs into the facility. These are places of confinement and detention, in a word, jails. A person confined in a community correctional facility is entitled to credit for time served there as much as any other person confined in anywhere else. To the extent that the amendment to R.C. 2967.191 attempts to deny prisoners credit on their sentences for time served in community correctional facilities, it is unconstitutional.
* * *
When faced with two possible constructions of a statute, one which would result in the statute being unconstitutional and one which would not, the courts should adopt the latter. We believe that the legislature did not intend, since it does not have the power, to overrule a long line of cases which have held that a prisoner must be given credit on his sentence for all times spent in incarceration whether before or after the sentence has been imposed. Id.,
2, 3.
This court has also recognized the fact that jail time credit is granted for time in confinement, whether or not the inmate was also receiving treatment. State v. McComb (Jan. 25, 1999), Greene App. No. 99CA8, unreported. Finally, we note, and as admitted by the State in its brief, that the Ohio Supreme Court has held that entry into a Community-Based Correctional Facility constitutes confinement. State v. Snowder (1999), 87 Ohio St.3d 335,337, 720 N.E.2d 909, 911.
The assignment of error is sustained.
The judgment is reversed, and the case is remanded to the trial court with instructions to grant Martin jail time credit for the days she spent confined in the Franklin County Community Based Correctional Facility.
 _________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and WOLFF, J, concur.