OPINION NUNC PRO TUNC JUDGEMENT ENTRY
In this accelerated calendar case, submitted on the record and briefs of the parties, appellant, Lynda E. Cox, appeals from the judgment of the Lake County Court of Common Pleas entered on July 7, 1999. The following facts are relevant to a determination of this appeal.
On October 22, 1998, appellant was convicted of theft, a fifth degree felony, in violation of R.C. 2913.02. Appellant was sentenced to three years of community control with conditions. Appellant was to serve one hundred eleven days in the Lake County Jail, after which she was to enter Oriana House, a community-based correctional facility ("CBCF"), and undergo a treatment program. Upon completion of that program, she was to enter a halfway house for ninety days. Appellant remained at Oriana House for one hundred twenty-three days, after which she was released to a halfway house. While in the halfway house, appellant stole some property from a locker, thereby violating the terms of her community control.
On June 30, 1999, the trial court conducted a hearing on the state's motion to terminate appellant's community control. Appellant waived the hearing and pled guilty to violating her terms of probation. When addressing the court with respect to sentencing, appellant's counsel requested that, should the court impose a prison sentence, appellant be credited with time served in both the Lake County Jail and the CBCF (Oriana House). The court imposed a prison sentence of eight months. The court credited appellant with the time served in the county jail, but did not credit her with the time served in the CBCF. From this judgment, appellant timely filed notice of appeal, assigning the following error:
 "The trial court erred to the prejudice of the defendant-appellant when it denied her one hundred twenty-three days credit for time served in a community based correctional facility."
 In the intervening period from the filing of the parties' briefs to our determination of this matter, the Supreme Court of Ohio released its opinion in State v. Snowder (1999), 87 Ohio St.3d 335, which is dispositive of this appeal. The issue in this case is whether time served in a CBCF constitutes confinement as the term is used in R.C. 2967.191. If so, under the statute, the department of rehabilitation and correction is required to reduce the number of days a prisoner must serve on their sentence by the number of days a prisoner has served in a CBCF as a result of the underlying offense. Thus, if the time constitutes "confinement", the trial court should have credited appellant with the time she served at Oriana House. R.C. 2967.191 was amended by Senate Bill 20, effective July 1, 1996. The previous version of the statute read as follows:
 The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence.
The amended version is as follows:
 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 The amended version does not contain the phrase specifically referring to CBCFs. It is the state's contention that by deleting specific reference to CBCFs, it was the legislature's intent that prisoners should no longer have to be given credit for time served in CBCFs. In the absence of the deleted portion, the state argues the determination of whether to give credit is now discretionary with the trial court under R.C. 2929.15(B). Appellant argues that the issue is whether the prisoner was "confined" at the facility in question, and, if so, then the mandatory language in the amended statute applies and the prisoner is entitled to credit for time served.
In Snowder, supra, the defendant (Snowder) had fled from a CBCF and subsequently was charged and convicted of escape. When the trial court reimposed the original sentence for which he was in the CBCF, it did not credit Snowder with the time he had served in the CBCF prior to his escape. Snowder argued on appeal that if he was not entitled to credit for the time served in the CBCF, then he must not have been confined within the meaning of the law. Therefore, he argued, if he was not confined, he could not be charged or convicted of escape. Snowder
provides clear direction on how R.C. 2967.191 is to be applied under the present facts. The court provided the following analysis of the effect of the legislature's deletion of the portion referring to CBCFs:
 "R.C. 2967.191, as amended July 1, 1996, stated that `[t]he adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.' 146 Ohio Laws, Part VI, 11014-11015. Prior to July 1, 1996, R.C. 2967.191 had a provision that required time spent confined in a CBCF to be included when determining a reduction in the stated prison term. See 139 Ohio Laws, Part I, 582.
* * *
 "If it had been the intention of the General Assembly to change the status of CBCF residents, the statute could have been amended to specifically reflect that intention. The deletion of the specific reference to CBCFs does not render amended R.C. 2967.191
unclear or ambiguous. Accordingly, our role is to apply the amended statute. See Meeks v. Papadopulos
(1980), 62 Ohio St.2d 187, 190, citing Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus (unambiguous statute is to be applied, not interpreted).
 "The statute states that a defendant shall receive credit when that defendant has been confined `for any reason arising out of the offense.' The statute's specific inclusions following the `any reason' statement clarify certain, otherwise possibly ambiguous, situations that are not applicable here.
 "* * * `* * * courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized.' Morgan v. Ohio Adult Parole Auth. (1994), 68 Ohio St.3d 344, 347. * * *.
 "A CBCF must include `a physical facility that will be used for the confinement of persons * * * sentenced to the facility.' R.C. 2301.52(A); 146 Ohio Laws, Part IV, 7231. By the terms of his probation, Snowder was required to enter the CBCF. A CBCF must `[b]e a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community.' R.C. 2301.52(A)(1). Snowder stipulated that he was not allowed to leave the CBCF without permission. IT APPEARS BEYOND DOUBT THAT ENTRY INTO A CBCF CONSTITUTES CONFINEMENT." Id. at 336-337. (Parallel citations omitted) (Emphasis added).
 The court set forth the definitions of "detention" and "detention facilities," stating "R.C. 2921.01(E) * * * defined `detention' to include `confinement in any facility for custody of persons charged with or convicted of crime in this state.' 146 Ohio Laws, Part II, 2214. R.C. 2921.01(F) defined `detention facility' as `any place used for the confinement of a person charged with or convicted of any crime.' Id." Id. at 336. In conclusion, the Snowder court stated "[w]e hold that a defendant in a CBCF is in detention pursuant to R.C. 2921.01(E) and (F) * * *." Id. at 337. By definition, detention is confinement.
Clearly, the Supreme Court of Ohio has concluded that time spent in a CBCF is "confinement" within the meaning and use of that term in R.C.2967.191. Therefore, we must conclude that under R.C. 2967.191 appellant was entitled to credit for the time she served at Oriana House against the sentence ultimately imposed for the underlying offense. Appellant's assignment of error has merit.
Unfortunately for the appellant, with respect to her, the appeal is moot in that on June 30, 1999, when she was sentenced, she had one hundred and four days remaining to serve, and her motion to stay execution of sentence pending appeal was denied. Likewise, on July 30, 1999, this court overruled appellant's motion for bail pending appeal. Consequently, appellant has served her sentence. Nevertheless, as this scenario will undoubtedly present itself again, the judgment of the trial court is reversed, and the courts within this district are directed to sentence defendants in accordance with this opinion.
Additionally, this court does take judicial notice that, effective March 23, 2000, R.C. 2949.08 was amended by the legislature. While the amended statute is not controlling in this instance, this opinion is entirely consistent with the amended statute.
_______________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL