OPINION
Defendant-appellant Eddie D. Beard ("appellant") appeals the judgment of the Lake County Court of Common Pleas denying him credit for time spent in a Community Based Correctional Facility ("CBCF"). On January 5, 1998, appellant entered a plea of guilty to one count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree. On March 5, 1998, the trial court sentenced appellant to four years of community control sanctions. Appellant was to serve six (6) months in the Lake County Jail until a bed became available at the Oriana House, a CBCF. At that time, appellant was to enter a four (4) to six (6) month in-patient program and follow all aftercare recommendations. The trial court ordered appellant to follow all the rules and regulations of the CBCF program or he would be immediately discharged from the CBCF program. The trial court stated appellant could be charged with escape if he left the CBCF program without authorization.
Appellant did enter the residential program at Oriana House on March 19, 1998, and successfully completed the program. On March 5, 1999, Akron police arrested appellant. He subsequently was charged with receiving stolen property, drug abuse, misrepresenting identity, obstructing official business, and theft. Appellant violated the terms of his community control sanctions by failing to report the arrest to his probation officer.
Appellant pled guilty to violating his community control sanctions. On April, 30, 1999, the trial court sentenced appellant to a twelve (12) month term of incarceration, to be served concurrently with sentences in two other cases. The trial court credited appellant with ninety-five (95) days for time already served in the Lake County Jail.
On October 20, 1999, appellant filed a motion for credit for time served at the Oriana House. Appellant argued his time at the institution constituted "confinement" within the meaning of R.C. 2967.191 and should be credited to his sentence. Appellant asserted he was unable to leave the official custody of the Oriana House on his own volition during the one hundred five (105) days he spent at the facility. Therefore, appellant argued the nature of the program constituted confinement which would result in the time spent there being credited to his sentence.
The state countered by arguing that the legislature deleted the provision concerning credit for confinement in a CBCF, indicating its intent that time spent in such a facility not be credited to reduce a sentence. The state asserted the trial court could grant credit for time spent at a community based correctional facility at its discretion.
On November 10, 1999, the trial court denied appellant's motion for credit for time served at the Oriana House. The trial court refused to stay execution of appellant's sentence pending appeal.
Appellant filed a timely notice of appeal from this judgment. Appellant asserts the sole assignment of error:
 "The trial court erred to the prejudice of the defendant-appellant when it denied him one hundred and five days credit for time served in a community-based correctional facility."
 In the assignment of error, appellant contends the trial court erred by not crediting the one hundred five (105) days he spent in the CBCF. Appellant again maintains the time he was confined at the Oriana House should be applied to reduce his term of imprisonment. Appellant relies upon R.C. 2967.191 which provides:
 "The adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's term."
 Appellant asserts this provision controls over the more general dictates of R.C. 2929.15(B) which states that a trial court may reduce a prison term by the number of days a prisoner was confined for any reason. The state contends the deletion by the legislature in 1996 of CBCFs in R.C. 2967.191
demonstrates the legislature's intent that time spent in such a facility not be credited to reduce a prisoner's sentence. The state argues that the permissive language in R.C. 2929.15(B) allows trial courts discretion in choosing whether or not to give a defendant credit for any time spent in a CBCF.
 In State v. Murray (Oct. 27, 2000), Lake App. No. 99-L-077, unreported, 2000 Ohio App. LEXIS 5006, this court held that time served in a CBCF should be credited to reduce a sentence imposed upon a defendant who violates his or her community control sanctions. In reaching this conclusion, the Murray court relied upon State v. Snowder (1999), 87 Ohio St.3d 335. In Snowder, the Supreme Court of Ohio addressed the issue of whether the failure of a defendant to return to a CBCF constituted escape. Snowder argued the deletion of CBCFs from R.C. 2967.191 indicated the legislature's intent not to provide credit for time served in a CBCF. Snowder extrapolated from this reasoning that he could not be charged with escape for failing to return to such a facility. The Supreme Court of Ohio rejected Snowder's argument, finding the provision that a defendant shall receive credit "for any reason arising out of the offense" included time spent in a CBCF. Therefore, time spent in a CBCF constituted confinement. However, to qualify as a CBCF, the facility must be secure and contain lockups or other measures to confine inmates.
 In Murray, the court noted that Snowder was not exactly on point but, nonetheless, applied the reasoning to the question of whether credit for time served in a CBCF applied to reducing any subsequent sentence. Murray held that, under Snowder, entry into a CBCF constituted confinement, therefore, time served in a CBCF should be credited to reduce the sentence of a person violating his or her community control sanctions. Several other districts have reached the same conclusion as did this court in Murray. See State v. Fair (2000), 136 Ohio App.3d 184; State v. Napier (July 24, 2000), Stark App. No. 1999CA00331, unreported, 2000 Ohio App. LEXIS 3330; State v. Rice
(July 2, 2000), Licking App. No. 99CA0019, unreported, 1999 Ohio App. LEXIS 3288; State v. Dugan
(Dec. 10, 1999), Meigs App. No. 99 CA 04, unreported, 1999 Ohio App. LEXIS 6137; State v. Curry (Jan. 25, 1999), Washington App. No. 97 CA 46, unreported, 1999 Ohio App. LEXIS 211.
 This interpretation is supported by the recent changes made by the legislature in R.C. 2949.08. R.C. 2949.08(C)(2) has been amended effective March 23, 2000, to state:
 "If the person sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper shall not exceed the maximum prison term available for that offense. Any term in a jail shall be reduced first pursuant to division (C)(1) of this section by the total number of days the person was confined prior to delivery to the jailer, administrator, or keeper. Only after the term in a jail has been entirely reduced may the term in a community-based correctional facility be reduced pursuant to this division. This division does not affect the limitations placed on the duration of a term in a jail or a community-based correctional facility under divisions (A)(1), (2) and (3) of section 2929.16 of the Revised Code."
 Although this statute is not controlling in the instant case it does indicate the legislature did not intend that trial courts have complete discretion in deciding whether or not to credit a defendant with time spent in a CBCF.
 In order to qualify as a CBCF, certain minimum requirements must be met. Those requirements include the designation that (1) the physical facility be used for the confinement of people sentenced to the facility by a court and (2) that the facility be secure, containing lock-ups and other measures sufficient to ensure the safety of the surrounding community. R.C. 2301.52. (3) The CBCF must provide twenty-four (24) hour living accommodations and provide treatment programming. O.A.C. Chapter 5120:1-14-01.
 Previously, this court referred to Oriana House as a CBCF. See State v. Cox (Sept. 29, 2000), Lake App. No. 99-L-107, unreported, 2000 Ohio App. LEXIS 4570; State v. Brody (July 16, 1999), Lake App. No. 98-L-165, unreported, 1999 Ohio App. LEXIS 3335; State v. Setler
(Sept. 25, 1998), Lake App. No. 97-L-214, unreported, 1998 Ohio App. LEXIS 4523. Both parties agree that Oriana House is a CBCF. There is a reference in the trial court's journal entry stating that appellant could be charged with escape if he left Oriana House without authorization. An order in the court file shows the sheriff's department transported appellant to Oriana House. Because of this court's previous opinions referring to Oriana House as a CBCF and the trial court's statement appellant could be charged with escape if he left the facility without authorization, we conclude Oriana House does qualify as a CBCF.
 The trial court erred by not crediting appellant with the time served at Oriana House. As in Cox, we note that appellant's appeal is moot as he already has served his sentence for violating the terms of his community control sanctions. The Cox court reversed the judgment because trial courts were likely to continue denying defendants credit for time served in CBCFs. We follow the example of Cox and reverse the judgment of the trial court and direct it to credit defendants with time spent in a CBCF.
 Appellant's assignment of error has merit and it is the judgment and order of this court that the judgment of the trial court is reversed.
 ________________________________________ JUDGE DIANE V. GRENDELL
FORD, P.J., NADER, J., concur.