OPINION
Appellant, Patrick K. Shearer, appeals from the judgment of the Lake County Court of Common Pleas entered on January 27, 2000. Specifically, appellant argues the trial court erred by failing to give him credit for time served in a Community Based Correctional Facility ("CBCF") when it imposed sentence on him for violating the conditions of his community control.
Initially, appellant was convicted of domestic violence. As appellant had a prior conviction, this was a fifth degree felony. Appellant was sentenced to sixty days in jail, to be followed by entrance into a treatment program at the NorthEast [sic] Ohio Community Alternative Program ("NEOCAP"), and three years of community control. On appeal, appellant asserts that NEOCAP is a CBCF, and appellee has not contested that assertion. After completing his jail sentence and NEOCAP, appellant violated the terms of his community control by testing positive several times for cocaine and marijuana. Appellant pled guilty to this violation. The trial court sentenced him to serve six months at the Lorain Correctional Institution. The trial court credited appellant with all the time he had served in jail arising out of the underlying offense, but did not give him any credit for the time he had served at NEOCAP. Appellant has subsequently served his sentence, and thus his appeal is moot. However, as this scenario has repeated itself, we will address appellant's following assignment of error:
 "The trial court erred to the prejudice of the defendant-appellant when it denied him credit for time served in a community-based correctional facility."
 This court addressed this exact issue in State v. Cox
(Sept. 29, 2000), Lake App. No. 99-L-107, unreported. This court concluded that, under R.C. 2967.191, when defendants are sentenced for violating the terms of their community control sanctions, they are entitled to credit for time they have served in a CBCF for the underlying offense. Our judgment was based upon the decision of the Ohio Supreme Court in State v. Snowder (1999), 87 Ohio St.3d 335.
 Snowder involved a defendant's conviction for escape from a CBCF. The Supreme Court of Ohio applied R.C. 2967.191, and specifically addressed the effect of amendments to that statute made in Senate Bill 20, which became effective on July 1, 1996. The prior version of the statute read as follows:
 "The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence." (Emphasis added.)
 As part of the amendment of the statute, the above highlighted portion making specific reference to CBCF's was deleted. However, the statute retained the language stating that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. In Snowder, the Supreme Court of Ohio concluded "beyond a doubt" that entry into a CBCF constitutes "confinement" within the purview of R.C. 2967.191. Id. at 337. The court also stated:
 "If it had been the intention of the General Assembly to change the status of CBCF residents, the statute could have been amended to specifically reflect that intention. * * *.
 "The statute states that a defendant shall receive credit when that defendant has been confined `for any reason arising out of the offense.' The statute's specific inclusions following the `any reason' statement clarify certain, otherwise possibly ambiguous, situations that are not applicable here." Id. at 336.
 In short, the Supreme Court of Ohio concluded that because it is evident time spent in CBCF is confinement, that it need not be specifically enumerated in the statute. Thus, in Cox, supra, this court concluded that the proper application of R.C. 2967.191 would include crediting defendants being sentenced for community control violations with time served in a CBCF as a result of the underlying offense. See, also, State v. Murray (Oct. 27, 2000), Lake App. No. 99-L-077, unreported. Furthermore, we note that R.C. 2949.08 was amended, effective March 3, 2000, and, while not applicable to the instant matter, demonstrates a legislative intent consistent with this court's resolution in Cox and the present matter. Appellant's assignment of error has merit insofar as the question of entitlement to credit for time served in a CBCF is concerned.
However, the record on appeal does not establish as fact whether NEOCAP is a CBCF as defined by R.C. 2301.52. In their briefs to this court, appellant asserts NEOCAP is a CBCF, and appellee does not question that fact. Rather, appellee argues defendants are not entitled to credit for time served in CBCF's. For purposes of obtaining credit for time served, and for purposes of appellate review, defendant appellant, as the moving party, must establish on the record that the facility in question is a CBCF. This may be accomplished by judicial notice, stipulation of the parties, or by the presentation of evidence sufficient to establish the facility meets the requirements set forth in R.C. 2301.52, subsections (A) and (A)(1), as per Snowder, supra. In the present case appellants appeal is moot due to the fact he has already served the time. Were it not moot, as the record does not establish that NEOCAP is a CBCF, this court would be obliged to remand the matter for a hearing to determine the status of NEOCAP. See, Murray, supra, at 9.
To the extent indicated, appellant's assignment of error has merit. The judgment of the trial court is reversed and the matter is remanded for amendment of the judgment entry in accordance with this opinion.
 ______________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., GRENDELL, J., concur.