JOURNAL ENTRY and OPINION
Defendant-appellant Micquel Leaks appeals from his conviction after a jury trial of the offense of escape based upon his failure to comply with terms of his post-release control.
Appellant challenges his conviction on several grounds. Appellant first asserts at his original plea hearing he never was informed he could be subject to post-release control. Appellant further asserts the trial court improperly permitted into evidence both hearsay testimony and "other acts" testimony. Appellant also asserts the weight of the evidence does not support his conviction. Finally, appellant claims trial counsel rendered ineffective assistance.
This court has reviewed the record with appellant's assertions in mind but finds none has merit. Appellant's conviction, therefore, is affirmed.
The record reflects appellant originally entered pleas of guilty to two charges, viz., robbery and assault on a peace officer. Appellant received a prison sentence but subsequently was released on parole. However, appellant thereafter violated the conditions of his parole; he returned to incarceration to serve the remainder of his original sentence.
On July 25, 1999, upon the completion of his sentence, appellant was released and placed under the supervision of the state's Department of Rehabilitation and Correction, Adult Parole Authority ("APA"). Appellant was presented with a form entitled "Conditions of Supervision." In pertinent part, the form contained the following provisions:
 In consideration of having been granted super-vision on 7/25/99, I agree to report to my supervising officer according to the instructions I have received and the following conditions:
 1. I will obey federal, state and local laws and ordinances, including Chapter 2923. of the Revised Code relating to conduct involving firearms and other deadly weapons, and all orders, rules and regulations of any County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen.
 2. I will always keep my supervising officer informed of my residence and place of employment. I will obtain permission from my supervising officer before changing my residence or my employment. I understand that if I abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code.
* * *
 5. I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.
* * *
 7. I will not purchase, possess, use or have under my control any narcotic drug or other controlled substance or illegal drugs, including any instrument, device or other object used to administer drugs or to prepare them for administration, unless it is lawfully prescribed for me by a licensed physician. I agree to inform my supervising officer promptly of any such prescription and I agree to submit to drug testing if required by the Adult Parole Authority.
* * *
 14. I agree to follow all rules and regulations of treatment facilities or programs of any type in which I am placed or ordered to attend while under the jurisdiction of the Court, and/or Department of Rehabilitation and Correction.
Appellant also was ordered to "report to Parole Officer Kellie O'Brien in the offices of the Adult Parole Authority on 7-30-99 at 9:00 a.m." Appellant signed the form to acknowledge he had read, understood and agreed to follow the foregoing conditions. Just above appellant's signature was the following statement:
 I have read or had read to me the conditions of my PRC. I fully understand these conditions and I agree to follow them. I understand that a violation of any of these conditions may result in the revocation of my PRC, which may result in additional imposed sanctions, including imprisonment.
 In addition, I understand that I must follow these conditions until notified by my supervising officer. By my signature I acknowledge that I have received a copy of these conditions of supervision. I further understand that I may request a meeting with my supervising officer or his/her supervisor if I feel any of the Conditions or instructions are causing problems. I shall make this request in writing if at all possible.
After appellant had expressed dissatisfaction with the living arrangements for him made by his original parole officer, he informed the parole officer on August 2, 1999 he was residing at "10613 Mountview, Cleveland, Ohio,"[1] the residence of his employer, Eric Braser. Appellant also stated he worked as a roofing laborer. However, since appellant had "tested positive for cocaine," he was ordered to report to the parole officer on a weekly basis. He also was ordered to "bring verification of employment."
Appellant "failed to report" for the following two weeks. Although appellant reported for the August 23, 1999 required visit, he failed to bring the requested employment verification and again "tested positive for cocaine." The sanction of weekly visits was continued.
Appellant reported on August 30, 1999, but "without his pay stubs." Thereafter, appellant was absent from his weekly visits.
On October 6, 1999 appellant's parole officer went to the address appellant had given as his residence and left a notice to him that a warrant for his arrest would be issued if she were not contacted. Two days later, appellant appeared in the parole officer's office.
Since appellant gave no explanation for his absences, "admitted to using cocaine," and still could not provide verification of his employment, appellant was ordered both to continue with weekly reporting and also to "complete day reporting."
On November 8, 1999 Parole Officer Lisa Tolpa, O'Brien's "field partner," was assigned to appellant's case. Tolpa was unable properly to complete her duties in her capacity as appellant's new parole officer, however, because appellant was not reporting for his appointments. Despite two attempted home contacts and a "voice message" left for appellant, Tolpa had no success in communicating with appellant. Therefore, on December 8, 1999 she had appellant "declared a [post-release control] violator at large," and a warrant was issued for appellant's arrest.
On April 14, 2000 appellant was arrested pursuant to the warrant. Upon meeting with appellant on April 24, 2000, Tolpa released him from custody and told him he was "sanctioned to report weekly, complete [a] substance abuse program, and submit weekly urine screens." Tolpa did not see appellant again.
On May 18, 2000 Tolpa had appellant "declared a parole (sic) violator." On May 25, 2000 appellant was indicted for the crime of escape, in violation of R.C. 2921.34. Appellant was arrested on the charge on June 7, 2000.
At his arraignment, appellant entered a plea of not guilty, and counsel was appointed to represent him. Appellant's case proceeded to a jury trial, at which the state presented Tolpa as its only witness. Rejecting the advice of defense counsel, appellant testified in his own behalf.
The jury ultimately returned a verdict of guilty. The trial court thereupon sentenced appellant to a term of incarceration of one year.
This court has granted appellant's motion for a delayed appeal of his conviction. Appellant presents five assignments of error that will be addressed in logical order.
Appellant's first assignment of error states:
 APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT INFORMED BY THE COURT THAT HE COULD BE SUBJECTED TO POST-RELEASE CONTROL.
Appellant argues his conviction in the instant case must be vacated on the basis he never was informed at his original plea hearing that in entering his pleas to the charges of robbery and assault on a peace officer, he would be subject to post-release control upon his release from incarceration. This court declines to address appellant's argument since it has no jurisdiction to do so.
Pursuant to App.R. 4(A), 5(A) and 12(A), this court reviews the propriety of only the order from which appellant appeals. Moreover, the record on appeal consists of only the trial court papers from CR-391,880, i.e., the instant case. App.R. 9. Appellant filed no appeal from his original convictions for robbery and assault on a peace officer; thus, this court lacks jurisdiction to consider appellant's argument. State v. Starcic (June 14, 1998), Cuyahoga App. No. 72742, unreported.
Appellant's first assignment of error, therefore, is overruled.
Appellant's third and fourth assignments of error state:
 III. THE TRIAL COURT ERRED IN PERMITTING THE PAROLE OFFICER TO TESTIFY TO THE NOTES OF THE PRIOR PAROLE OFFICER AS SUCH EVIDENCE CONSTITUTES HEARSAY.
 IV. THE TRIAL COURT ERRED IN PERMITTING EVI DENCE OF "OTHER BAD ACTS" IN VIOLATION OF EVID.R. 404(A) AND (B).
In these assignments of error, appellant challenges the trial court's action in admitting certain testimony into evidence.
Appellant first argues Tolpa's testimony regarding appellant's lack of compliance with the conditions of his post-release control prior to her assignment to appellant's case constituted impermissible hearsay. This court disagrees.
Evid.R. 802 prohibits the admission into evidence of hearsay, which is defined in Evid.R. 801(C) as follows:
RULE 801. Definitions
The following definitions apply under this article:
* * *
 (C) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
(Emphasis added.)
A review of Tolpa's testimony in this case fails to reveal any declarations made by anyone but Tolpa; therefore, no hearsay was introduced. Tolpa testified she was reviewing appellant's "violation report" for the jury, which she personally had written from "field notes." Since she also testified she and appellant's originally-assigned probation officer were "field partners," it is clear she was testifying from her own personal knowledge of appellant's case. The trial court thus did not err in admitting the testimony. See, e.g., Dublin Bd. of Edn. v. Franklin Cty. Bd. of Revision (1997), 80 Ohio St.3d 450 at 453.
Appellant next argues Tolpa's testimony regarding appellant's positive drug tests violated Evid.R. 404(B).[2] This argument is rejected because appellant waived it. State v. Williams (1977), 51 Ohio St.2d 112. Appellant raised no objection to the admission of this evidence during Tolpa's testimony and, thereafter, during his own cross-examination, admitted that during his supervision, he had "dirty urines." Under these circumstances, appellant's argument is baseless.
Accordingly, appellant's third and fourth assignments of error also are overruled.
Appellant's second assignment of error states:
 THE APPELLANT'S CONVICTION FOR ESCAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues evidence of his "sporadic compliance" with the conditions of his post-release control weighs against his conviction for the crime of escape. This court remains unpersuaded.
With regard to an appellate court's function in considering the weight of the evidence, the supreme court has held:
 * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
 Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Appellant was convicted of violation of R.C. 2921.34(A), which states:
§ 2921.34 Escape.
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
Placement upon release from prison under the supervision of the APA constitutes "detention" for purposes of this statute. State v. Estis (June 11, 1999), Lucas App. No. L-98-1373, unreported; see, also, State v. Snowden (1999), 87 Ohio St.3d 335.
The evidence presented in this case by the state demonstrated appellant was subject to post-release control upon his release from prison, signed the conditions-of-supervision document to acknowledge his understanding of the terms of his conditional release, and then failed repeatedly to abide by several of those conditions. Appellant during his own testimony admitted he violated several conditions but excused his noncompliance only by complaining the conditions were unduly restrictive, although he made no effort to request a reconsideration of them.
From the evidence presented, therefore, this court cannot conclude the jury lost its way when it convicted appellant of the crime of escape. State v. Wellbaum (Sept. 1, 2000), Champaign App. No. 99-CR-073, unreported; see, also, State v. Barnes (2000), 136 Ohio App.3d 430.
Accordingly, appellant's second assignment of error also is overruled.
Appellant's fifth assignment of error states:
 COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO HEARSAY EVIDENCE AND EVIDENCE OF "OTHER BAD ACTS."
Appellant argues his trial counsel's failure to object to improper evidence demonstrates appellant was rendered constitutionally ineffective assistance. Since, however, appellant, in contravention of the requirements of App.R. 16(A)(7), presents no legal authority to support his argument, this court declines to address it pursuant to App.R. 12(A)(2). Oakwood v. Juliano (Dec. 16, 1999), Cuyahoga App. No. 75160, unreported.
Appellant's fifth assignment of error, consequently, is overruled.
Appellant's conviction is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] Evid.R. 404(B) provides:
 RULE 404. Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes
* * *
(B) Other crimes, wrongs or acts.
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.