OPINION
Defendant-appellant, Jeffrey W. Dunaway, appeals the decision of the Clermont County Court of Common Pleas failing to give him credit for time served at a Community Based Correctional Facility ("CBCF"). We affirm the trial court's decision.
On October 20, 1999, appellant pled guilty to a violation of R.C.4511.19(A)(1), driving under the influence of alcohol or drugs ("DUI"), a felony of the fourth degree. This was appellant's fourth DUI violation in six years but his first felony DUI. On November 17, 1999, the trial court imposed the "mandatory term of local incarceration of sixty consecutive days." The court also sentenced appellant to the following community control sanction:
 [Appellant] shall be incarcerated in the Clermont County jail for a period of six months, or until he is accepted into the [CBCF], whichever first occurs. If accepted into the [CBCF], [appellant] shall participate in and successfully complete all available programming * * * [appellant] shall remain in the [CBCF] for a period of six months or until he has successfully completed all the programming, whichever first occurs. If not accepted into the [CBCF], he shall be incarcerated in the Clermont County Jail for a period of twelve months.
 Appellant went to the Clermont County jail and then was placed in the CBCF on December 10, 1999. Appellant was released from the CBCF on May 3, 2000, subject to intense supervision probation.
Appellant later violated the conditions of his community control. A hearing on the violations was held on March 20, 2001 and appellant entered admissions to the violations of his community control. The court found appellant guilty and sentenced him to serve one year in the Clermont County Jail. As part of his sentence, the court reduced appellant's sentence by the time he previously spent in jail and by 60 days for being a "worker" in the jail, but refused to give appellant credit for the 146 days he served at the CBCF. Appellant appeals raising a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT JAIL TIME CREDIT FOR THE PERIOD OF TIME PREVIOUSLY SERVED AT A COMMUNITY BASED CORRECTIONAL FACILITY.
Appellant argues that the trial court did not consider whether his participation in a CBCF constituted confinement. Appellant maintains he was confined at the CBCF, therefore, he should be credited for the time he spent in the CBCF when being sentenced for violating his community control sanctions. Appellee argues that it is within the court's discretion to determine whether to give credit for time served in a CBCF when imposing a jail term.
However, appellant has subsequently served his sentence and was released from jail on September 29, 2001. Nevertheless, because the issue of credit for time served in a CBCF when imposing a jail term for a violation of community control for a felony DUI may repeat itself, we will address appellant's assignment of error. A court may rule on issues that are otherwise moot if they are capable of repetition, yet evading review. See State ex rel. Beacon Journal Publishing Co. v. Donaldson
(1992), 63 Ohio St.3d 173, 175.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1); Statev. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is that evidence "which will provide in the minds of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469.
Unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a trial court has the discretion in sentencing an offender for a felony to impose any sanction or combination of sanctions on the offender that are provided in R.C. 2929.14 to 2929.18. R.C. 2929.13(A). However, R.C. 2929.13(G)(1) and (2), in pertaining part, state:
 [I]f an offender is being sentenced for a fourth degree felony OMVI [operating a motor vehicle while intoxicated] offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following: (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days * * *. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. (Emphasis added.)
Furthermore, R.C. 2929.15(B) provides that a prison term imposed due to an offender's violation of community control sanctions "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed."
Appellant argues that R.C. 2967.191 mandates credit be given for time served when the prisoner "was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Appellant argues he should be given credit for the time he spent in a CBCF since it was confinement arising out of the offense for which he was convicted and sentenced. However, appellant's reliance on R.C. 2967.191 and the case law appellant cites, wherein the community control violators were sentenced to prison and received credit for time served at a CBCF, is misplaced.[1] In those cases the mandatory language of R.C. 2967.191
prevailed over the discretion afforded to the sentencing court in R.C.2929.15 (B) and R.C. 2949.08. However, R.C. 2967.191 specifically governs reduction of a prison term for prior confinement. See State v.Hines (1999), 131 Ohio App.3d 118, 121. As a first time fourth-degree felony OMVI offender, appellant is excluded under R.C. 2929.15(B) from being sentenced to a prison term. Therefore, R.C. 2967.191 is not applicable to appellant's situation and the mandatory language of R.C.2967.191 does not prevail over the discretion afforded in R.C. 2929.15(B) and R.C. 2949.08.
Appellant argues that R.C. 2949.08 demonstrates the legislature's willingness to permit crediting of CBCF time to subsequent sentences for time spent in a CBCF. In part, R.C. 2949.08 states:
 (C)(2) If the person is sentenced to a community-based correctional facility for a felony, * * * [a]ny term in a jail shall be reduced first pursuant to division (C)(1) of this section by the total number of days the person was confined prior to delivery to the jailer, administrator, or keeper. Only after the term in a jail has been entirely reduced may the term in a community-based correctional facility be reduced
pursuant to this division. This division does not affect the limitations placed on the duration of a term in a jail or a community-based correctional facility under divisions (A)(1), (2), and (3) of section 2929.16 of the Revised Code. (Emphasis added.)
R.C. 2929.16(A) provides in part:
 The court imposing a sentence for a fourth degree felony OMVI offense under division (G)(1) of section 2929.13, may impose upon the offender, in addition to the mandatory term of local incarceration * * *, a community residential sanction or combination of community residential sanctions after the offender has served the mandatory term of local incarceration * * *.
 A residential sanction that may be imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based correctional facility or jail. R.C. 2929.16(A)(1), (2). The duration of all community control sanctions imposed upon an offender shall not exceed five years. R.C. 2929.15(A)(1).
Likewise, R.C. 2929.15(B) provides that if the conditions of a community control sanction are violated, the trial court "may impose a more restrictive sanction * * *." Under R.C. 2929.15(B), the trial court also "may reduce the longer period of time that the offender is required to spend under the longer sanction * * * by the time the offender successfully spent under the sanction that was initially imposed." (Emphasis added.) R.C. 2929.15(B). However willing the legislature is to permit crediting of CBCF time to subsequent sentences for time spent in a CBCF, it is still evident that the plain language of R.C. 2949.08 and 2929.15(B) affords the sentencing court discretion with respect to reduction of a sentence for time served in a CBCF. See State v. Brody
(Feb. 9, 2001), Lake App. No. 2000-L-018 at 2.
It was within the trial court's discretion to refuse to give appellant credit for time served in a CBCF. R.C. 2929.16(A) allows a CBCF sanction for a fourth-degree felony OMVI offense and pursuant to R.C. 2929.15(B) the sentencing court is clearly afforded discretion with respect to reduction of a sentence for time served in a CBCF. Accordingly, the trial court's decision is not contrary to law. Therefore, the assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] Appellant cites State v. Fattah (Nov. 13, 2000), Butler App. No. CA2000-03-050; State v. Beard (Mar. 18, 2001), Lake App. No. 99-L-189;State v. Murray (Oct. 27, 2000), Lake App. No. 99L-077; State v. Snowder
(1999), 87 Ohio St.3d 335, 1999-Ohio-135.