OPINION
{¶ 1} James Edgington was indicted on one count of burlgary, a second degree felony, and one count of vandalism, a fifth degree felony. After his motion to dismiss for want of a speedy trial was overruled, Edgington entered pleas of no contest to the charges and was found guilty. He was sentenced to concurrent terms of six years on the burglary charge and eleven months on the vandalism charge.
 {¶ 2} On appeal, Edgington advances a single assignment of error:
 {¶ 3} "1. The Trial Court Abuse (sic) Its Discretion When It Granted The State Of Ohio's Motion To Continue Deeming It Reasonable When The State Was Expressly Not Prepared To Proceed To Trial In A Timely Manner Consistant (sic) With Defendant's Federal And State Right To A Speedy Trial. The Trial Court Further Abused Its Discretion When It Denied Defendant's Motion To Dismiss In Violation Of Defendant's Federal And State Right To A Speedy Trial."
 {¶ 4} Edgington advances two arguments in support of his assignment of error. He argues that the court failed to articulate why a continuance from January 6, 2003 to January 21, 2003 was reasonable. He further argues that he was prejudiced by the delay.
 {¶ 5} Edgington was arrested on October 8, 2002, and remained incarcerated throughout the proceedings. By letter of October 28, 2002, counsel was appointed to represent Edgington. Arraignment occurred on November 1, 2002, and, on that date, trial was scheduled for January 6, 2003. This trial date was within the ninety-day limit within which Edgington was entitled to be brought to trial pursuant to the "three for one" provision of R.C. 2945.71(E).
 {¶ 6} On November 6, 2002, the State moved for samples of Edgington's fingerprints and blood. The stated reason for the motion was that the samples could be compared to prints and blood obtained at the scene of the burglary. On November 8, 2002, the court sustained the motion for samples and ordered Edgington to submit fingerprint and blood samples to the Beavercreek police. On December 31, 2002, the State moved to continue the trial date for three weeks — from January 6 to January 27, 2003 — representing that the State was currently awaiting the results of DNA testing of blood found at the scene of the crime and expected the results to be ready in approximately two weeks,i.e., January 14, 2003. On January 3, the court sustained the motion for continuance and continued the matter to January 21, 2003, which was fifteen days after the original trial date and approximately two weeks beyond the ninety-day time limit. The court "(found) that the continuance is reasonable per Section 2945.72 and is hereby granted." That same date Edgington had, by counsel, objected to the continuance. On January 15, 2003, Edgington moved to dismiss for want of a speedy trial, which motion was overruled. Thereafter, he entered his plea of no contest on January 17, 2003, was found guilty, and was sentenced on February 26, 2003, as described above.
 {¶ 7} As indicated above, Edgington claims on appeal that the State did not establish that the continuance was reasonable. The facts and circumstances of record must demonstrate both the necessity and reasonableness of the continuance. See Aurora v. Patrick (1980),61 Ohio St.2d 107, 108-109. In this case, the State's motion for samples demonstrated the necessity of taking blood samples and fingerprints for evidentiary purposes, to-wit: seeing if they matched the blood and fingerprints found at the scene of the burglary. The State made a timely request for these samples soon after the arraignment, at which time Edgington had entered his plea of not guilty for the first time. In its motion for continuance, the State explained that the test results of the DNA testing of the blood found at the scene would be ready in two weeks. In that the State demonstrated in its motion that the samples were necessary to link Edgington to the interior of the burglarized residence and the testing would not be concluded in time for the January 6, 2003 trial, we believe that this record demonstrates both the reasonableness and necessity of the continuance.
 {¶ 8} Edgington next claims that the continuance prejudiced him, citing Barker v. Wingo (1972), 407 U.S. 514, 530. Edgington claims that he was prejudiced because the continuance permitted the State an advantage, to-wit: the DNA evidence, which it would not have had had the trial proceeded on January 6, 2003.
 {¶ 9} As Edgington recognizes, however, the reasonableness of delay in the constitutional sense requires a balancing of the length of delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. In this case, the requested length of delay was twenty-one days, but the actual delay of the trial date was fifteen days. The reason for the delay was the inability of the State to obtain the DNA testing results by January 6, 2003. Undeniably, Edgington asserted his right to a trial within the time limits prescribed by R.C. 2945.71, and he was disadvantaged by the ability of the State to obtain the test results before trial.
 {¶ 10} In our judgment, the delay was not unreasonable in the constitutional sense. The delay was for a period of fifteen days, and the purpose of the delay was to enable the State to obtain DNA test results which were critical to its case. While it is true that the State, by virtue of the continuance, was able to obtain evidence that it otherwise would not have had, this is the only disadvantage that Edgington suffered. His ability to present his own case, if any, was not compromised. The results of the DNA testing were material to the question of whether Edgington was the perpetrator of the burglary and vandalism. The results of the DNA testing would have been competent evidence of Edgington's presence in the burglarized premises, and the request for samples for the purpose of DNA testing was made in a timely fashion.
 {¶ 11} A trial is intended to be a search for the truth. We believe that a brief delay as occurred here for the purpose of the State's obtaining critical evidence outweighs any prejudice to Edgington occasioned by the delay, and that there was no unreasonable delay in a constitutional sense. Indeed, in State v. Myers (2002), 87 Ohio St.3d 335, the court countenanced as reasonable delays of almost six months to complete DNA testing. See page 342. In our judgment, the continuance of fifteen days was reasonable, as the trial court found, under R.C.2945.72(H), and the delay was not violative of Edgington's constitutional right to a speedy trial.
 {¶ 12} The assignment of error will be overruled, and the judgment of conviction and sentence will be affirmed.
GRADY, J. and YOUNG, J., concur.